# COUNTY OF SIBLEY v. VILLAGE OF GIBBON.[1]

June 23, 1911.

Nos. 17,020—(149).

**Distribution of money from liquor license.**

Laws 1909, c. 450, construed; and *held*, that it gives to the county ten per cent. of all liquor license money paid into the treasury of any incorporated village situated within the limits of the county, and that the village cannot defeat the right of the county by appropriating the ten per cent. for either school or road and street purposes.

[1] Reported in 131 N. W. 786.

Action in the district court for Sibley county to recover $300, being ten per cent. of the amount received by defendant village for liquor licenses. From an order, Morrison, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*W. F. Odell*, County Attorney, for appellant.

*A. L. Young*, for respondent.

START, C. J.

The here material allegations of the complaint are to the effect following: The defendant is an incorporated village entirely within the limits of the county of Sibley, the plaintiff. After January 1, and before April 28, 1910, the defendant issued six licenses for the sale of intoxicating liquors within the village, and received as fees therefor the sum of $3,000. Thereafter, and on April 30, 1910, the plaintiff demanded of the defendant that it pay into its treasury $300, ten per cent. of the money paid into the village treasury for liquor licenses. The defendant village refused to make such payment, but appropriated the $300 for the construction and repair of village streets and roads.

This is an appeal from an order of the district court of the county of Sibley sustaining a general demurrer to the complaint. The correctness of this order depends upon the proper construction of Laws 1909, p. 548, c. 450, amending R. L. 1905, § 1539, which, so far as here material, provided that: All money [for liquor licenses] so paid into any municipal treasury shall be credited to the general fund, but the council may appropriate any part thereof to any school district wholly or partly within such municipality for general or specific purposes. Such council may also appropriate the whole or any part thereof to the construction or repair of roads or streets within or adjacent to or leading from such municipality.

The here material part of the amendment of 1909 is in these words: "* * * All money so paid into any municipal treasury, except cities of the first, second and third class, shall be distributed as follows: Ten per cent. thereof shall be paid into the county treasury and credited to the general revenue fund and the remaining ninety per cent. thereof shall be credited to the general fund of the munici-

pality issuing the license: Provided, that in case any such municipality is situated in two or more counties, then said ten per cent. shall be divided pro rata among such counties; (but the council may appropriate any part thereof to any school district wholly or partially within such municipality for general or specific purposes. Such council may also appropriate the whole or any part thereof, to the construction or repair of roads or streets within or adjacent to, or leading from such municipality.)   *   *   *   *  "

It is to be noted that the provisions which we have inclosed in parentheses are the same as in the original section, and that they originally referred only to license money belonging to the municipality. The sole question here to be decided is whether these provisions in the amendment refer to ninety per cent. of the license money belonging to the municipality, or to the ten per cent. thereof which is directed to be paid into the treasury of the county. The village claims that they refer to the ten per cent. given to the county. On the other hand, the county urges that they refer only to money belonging to the municipality as in the original section.

The purpose of the amendment is obvious. It was to give to the county in which the municipality is situated a percentage of the money received by the municipality for liquor licenses, to compensate the county to a limited extent for the increased burden of taxation resulting from saloons within its territorial limits. It is manifest that the construction claimed by the village emasculates the amendment and defeats the legislative intent. Such a construction cannot be accepted, unless the language of the amendment leaves no other alternative. We are not confronted with any such alternative, for if the proviso be placed where it manifestly belongs the language of the amendment is so apparent as to leave no room for construction. The purpose of the proviso was to avoid any conflicting claims to the ten per cent. of the license money received, when the municipality is situated in two or more counties, and it refers only to such ten per cent. Therefore its proper place in the amendment is next after the provision as to the ten per cent., and the proper place for the provision as to the ninety per cent. is next after the proviso.

Neither bad grammar nor improper punctuation can defeat the clear intention of the legislature.

We accordingly hold that Laws 1909, p. 548, c. 450, gives to the county ten per cent. of all liquor license money paid into the treasury of any incorporated village situated within the limits of the county. The village cannot defeat the right of the county by appropriating the ten per cent. for either school or road and street purposes. The complaint states a cause of action.

Order reversed.